MATYN *v.* COLLEIS.

LANDLORD AND TENANT—ORAL LEASE—QUESTION FOR JURY.
   In proceedings by a landlord for the possession of leased premises on the termination of a written lease, where the defendant's claim of a subsequent oral lease for one year was denied by plaintiff, the disputed question was properly submitted to the jury.

Error to Wayne; LaJoie (Ernest P.), J.  Submitted April 15, 1924.    (Docket No. 74.)    Decided July 24, 1924.

Summary proceedings by John Matyn against Anna Colleis for the possession of leased premises. There was judgment of restitution before the commissioner, and defendant appealed to the circuit court.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*John W. L. Hicks* (*Charles C. Stewart*, of counsel), for appellant.

*James R. Thomas*, for appellee.

MOORE, J.    John Matyn and Anna Colleis entered into a written lease on November 1, 1918, of premises for a period of five years.    Defendant, Anna Colleis, took possession of the premises but did not vacate them on the termination of her lease.    The plaintiff notified her that her lease terminated October 30, 1923.    She refused to move and after November 1, 1923, the plaintiff instituted proceedings to secure possession of the premises before one of the circuit court commissioners for the county of Wayne, and a trial by jury was had and a verdict found for the plaintiff, whereupon the defendant appealed the case to the circuit court for Wayne county where a verdict was again found in favor of the plaintiff.    The case is in this court on writ of error.

Mr. Colleis testified in part as follows:

"I have talked with Mr. Matyn regarding an oral lease.

"*Q.* State when and where, as near as you can remember?

"*A.* The last of June; between the 10th of July; between this; I don't remember exactly.

"*Q.* Where?

"*A.* I met him right down St. Jean and Mack avenue.

"*Q.* How far from your place of business?

"*A.* About two blocks.

"*Q.* What happened on that occasion?

"*A.* He said 'How do; how is restaurant business?' I said, 'All right.' He said, 'Fine.' I said, 'You know the lease expires soon. I want little more lease.' He asked me, 'How much you want?' 'One year.' He said 'All right, I will give it to you; you stay five years in my place.' I said, 'How about rent?' He said, 'It will be same thing.' I said, 'Thank you.' Then we took the car and go down town.

"*Q.* Who was with you at that time?

"*A.* My wife."

Mrs. Colleis testified in part as follows:

"I am the wife of the gentleman who has just left the stand. My husband and I are in the restaurant business on Mack avenue. Mr. Matyn owns the property there which we rent. We rented about five years ago by written lease. We have talked with Mr. Matyn since that time regarding a written lease.

"*Q.* State where and when?

"*A.* Me and my husband going down town; going Mack and St. Jean; Mr. Matyn, hello, hello, how are you? All right. Say then my man, well, lease is gone. Want another lease. I want to get lease this restaurant, this business another year. Give you another year, Mr. Matyn.

"*Q.* What rent did he say, if any?

"*A.* Just the same rent. * * *

"*Q.* I understood you to say that your husband said he would take it?

"*A.* Yes."

Mr. Matyn said of the testimony of Mr. and Mrs. Colleis:

"I did not have a talk with him this summer regarding an oral lease. I did not see her some time this summer and agree to give her an oral lease. I did not meet her and her husband on Mack avenue, corner of St. Jean between the last of June and the 10th of July. * * *

"I heard the testimony of Mr. and Mrs. Colleis to the effect that I told them that they could stay in there

another year.    There is positively no truth in that.
I never gave them any oral lease.

"*Q.* Did they ever claim an oral lease to you?

"*A.* No.

"*Q.* When was the first time they ever claimed an oral lease?

"*A.* The first time I heard was down in the court below.    I never met them.    They never claimed any oral lease to me."

The trial judge charged the jury at considerable length.    Near the conclusion of his charge he said:

"If you find in this case that the plaintiff is entitled to possession of his property; that he did not give an oral lease prior to November 1, 1923; that the lease that expired· on that day terminated the relation of landlord and tenant between these parties according to the law as I have given it to you, then the form of your verdict will be guilty.

"If, on the other hand, you find that there is an oral lease, that one was entered into between these parties prior to November 1, 1923, for the period specified by the defendant in the case on the witness stand, then the form of your verdict would be not guilty."

The question was not raised in the court below of whether the oral lease was within the statute of frauds.    The court left it for the jury as to whether an oral lease was given.

We do not find any reversible error.

Judgment is affirmed, with costs to the appellee.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.